IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**OSCAR L. SHAW #646048,**
   **PLAINTIFF,**

V.                       Case No.  A-20-CV-561-RP

**STATE OF TEXAS,**
**et al.,**
   **DEFENDANTS.**

**O R D E R**

Before the Court is Plaintiff Oscar L. Shaw's civil-rights complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.  After consideration of Plaintiff's complaint, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e).

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Estelle Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff complains about the conditions of confinement at the Estelle Unit.  He also challenges his 1993 conviction and life sentence for aggravated robbery out of Midland County, Texas and a parole revocation hearing for an earlier conviction. On August 24, 2020, the Court severed Plaintiff's claims regarding the conditions of his confinement in the Estelle Unit and subsequently transferred those claims to the United States District Court for the Southern District of Texas.  The only claims remaining in this case relate to Plaintiff's conviction out of Midland County and his parole revocation hearing.

Plaintiff alleges his race was the primary cause and motive of the defendants' actions. Plaintiff contends the defendants conspired together to cover up misconduct by the police,

prosecutors, attorneys, and judge. Plaintiff claims his trial records and transcripts were altered, and the fraud affected his direct appeal.

Plaintiff alleges the Board of Pardons and Paroles aided in the conspiracy by conducting a parole revocation hearing before he had been found guilty of the new criminal offense. Plaintiff explains one of the State's witnesses for the new offense was allowed to view Plaintiff at his parole revocation hearing. Plaintiff contends this allowed the State's witness the ability to pick Plaintiff out of a lineup when the witness had not been able to previously identify Plaintiff in other lineups.

Plaintiff also claims the prosecutors originally obtained an indictment in cause number CRA-18,575, but that cause number "disappeared" after the revocation hearing. Plaintiff was subsequently convicted in cause number CRA-18,925. This new indictment included two enhancements. Plaintiff claims he was first tried under cause number CRA-18,925 while the indictment in cause number CRA-18,575 was still pending. Plaintiff states his first trial ended in a mistrial. Plaintiff asserts the state court granted the State's motion to dismiss the indictment in CRA-18,575 because Plaintiff was reindicted in cause number CRA-18,575. Plaintiff seems to argue that the reindictment was invalid because it happened before the first indictment was dismissed. Plaintiff concludes his conviction and 99-year sentence in cause number CRA-18,925 are invalid.

Plaintiff also alleges his appellate counsel assisted with the conspiracy. Plaintiff asserts his trial records were altered to indicate his trial was held January 26, 1993 to January 28, 1993 instead of from February 1, 1993 to February 4, 1993. Plaintiff states he learned of the alteration in 2016 at which time he began pursuing habeas corpus relief in the state and federal courts.

In 2012 Plaintiff was released on parole. Plaintiff claims he was subjected to racial discrimination and retaliation by Midland County Sheriff Gary Painter. Plaintiff asserts Sheriff

Painter would not allow him to be paroled to Midland County, so he was paroled to El Paso County. Plaintiff claims he was not allowed to go to Midland County when his mother passed away. However, after Plaintiff had his electronic monitor removed in 2015, he traveled to Midland County to check on the home he and his siblings inherited from their mother. Plaintiff admits he did not have the consent of the Board of Pardons and Paroles to travel there and was arrested for violating the terms of his parole. Plaintiff fails to mention he was also convicted of robbery in El Paso County in 2016, while he was on parole, for which he received a 35-year sentence.

Plaintiff sues the State of Texas, the Board of Pardons and Paroles, Midland County Sheriff Gary Painter, Assistant Midland County District Attorney Ralph Petty, Midland Police Detective John Ingram, Assistant Attorney General Matthew Blair, Assistant Midland County District Attorney John Westbrook, Midland County District Clerk Vivian Wood, District Judge for the 142nd Judicial District Court of Midland County George D. Gilles, Defense Attorney H.W. Woody Leverett, Jr., Midland County District Attorney Al W. Schorre, Jr., and Court Reporter Jerry Shorte. He requests the Court to order the State of Texas to grant him an out-of-time appeal in criminal cause number CRA-18,925 and monetary damages.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.   Mandamus Relief

Plaintiff requests this Court to order the State to allow Plaintiff to file an out-of-time appeal. Plaintiff's request is construed as a request for mandamus relief.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.  28 U.S.C. § 1651.  Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Plaintiff's request for an out-of-time appeal.

C.     Eleventh Amendment Immunity

The Texas Board of Pardons and Paroles and the State of Texas are immune under the Eleventh Amendment. *Talib v. Gulley*, 138 F.3d 211, 213 (5th Cir. 1998); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Pursuant to the Eleventh Amendment, federal courts are without jurisdiction over suits against a state agency unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

Plaintiff's claims for monetary damages against Judge Gilles in his official capacity are also barred by Eleventh Amendment immunity. Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities. *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985).

Additionally, Plaintiff's claims for monetary damages against the prosecutors in their official capacities are barred by Eleventh Amendment immunity. When acting in their official capacities, Texas district attorneys are considered agents of the state, who are immune from claims for damages under the Eleventh Amendment. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000).

D.     *Heck v. Humphrey*

Insofar as Plaintiff seeks monetary damages against Defendants in their individual capacities for his alleged illegal conviction, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

>sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages regarding his alleged illegal conviction are without prejudice to refile once the conditions of *Heck* are met.

  E.  Statute of Limitations

Plaintiff's remaining claims are barred by the applicable statute of limitations. There is no federal statute of limitations for § 1983 actions. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); *Henson-El v. Rogers*, 923 F.2d 51, 52 (5th Cir. 1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249-50, (1989). In Texas, the applicable limitations period is two years. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. *Piotrowski*, 51 F.3d at 516.

Plaintiff's claims accrued prior to 2016. Plaintiff did not execute his complaint until sometime in May 2020, after the two-year limitations period expired.

CONCLUSION

The Court is without jurisdiction over Plaintiff's request for an out-of-time appeal. Plaintiff's claims against the State of Texas and the Board of Pardons and Paroles are barred by the Eleventh Amendment. Plaintiff's claims for monetary damages against Defendants Ralph Petty, Matthew Blair, John Westbrook, and Al W. Schorre, in their official capacities, are also barred by the Eleventh Amendment. Plaintiff's claims challenging his conviction are barred by *Heck*, and his remaining claims are barred by the applicable two-year statute of limitations.

Generally, before dismissal of a *pro se* complaint, the plaintiff should be afforded an opportunity to amend in an attempt to cure any deficiencies. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Leave to amend is not required, however, if the *pro se* litigant has already pleaded his "best case." *Brewster*, 587 F.3d at 768. The Court finds, based upon review of the complaint and applicable law, that any attempt by Plaintiff to amend would be fruitless.

It is therefore **ORDERED** that Plaintiff's request for an out-of-time appeal is construed as a request for mandamus relief and is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's claims against the State of Texas, the Board of Pardons and Paroles and Defendants Ralph Petty, Matthew Blair, John Westbrook, and Al W. Schorre, in their official capacities, are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

It is further **ORDERED** that Plaintiff's claims against the Defendants in their individual capacities for monetary damages regarding his alleged illegal conviction are **DISMISSED WITHOUT PREJUDICE** to refile once the conditions of *Heck* are met.

It is further **ORDERED** that Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).

It is finally **ORDERED** that the dismissal of this case counts as a strike pursuant to 28 U.S.C. § 1915(e), and the Clerk of Court shall e-mail a copy of this Order and the Court's Final Judgment to the keeper of the three-strikes list.

**SIGNED** on September 8, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE